# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HILDA L. SOLIS,
THE SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF
LABOR,

*Plaintiff*,

vs.

Case No. 10-02400-EFM

LA FAMILIA CORPORATION, ALONDRA
INC., VICENTE DE LA PAZ, SR.,
VICENTE DE LA PAZ, JR., and ARTURO
DE LA PAZ,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff, the Secretary of Labor, brings this action against Defendants, La Familia Corporation ("La Familia"), Alondra, Inc., Vicente de la Paz, Sr. ("de la Paz, Sr."), Vicente de la Paz, Jr. ("de la Paz, Jr."), and Arturo de la Paz ("Arturo"), under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 *et seq*. Plaintiff claims that Defendants violated the FLSA's minimum wage and overtime provisions, as well as the Act's provisions for keeping adequate and accurate records. Plaintiff seeks an injunction permanently enjoining Defendants from violating § 15(a)(2) and 15(a)(5) of the FLSA, and preventing them from withholding payment of any unpaid compensation found by the Court to be due to Defendants' employees. This matter is now before the Court on the following motions: (1) La Familia's 12(b)(5) & (6) Motion to Dismiss (Doc. 22);

(2) Alondra, Inc.'s 12(b)(1), (5), & (6) Motion to Dismiss (Doc. 20); (3) de la Paz, Sr.'s 12(b)(1), (5), & (6) Motion to Dismiss (Doc. 24); (4) de la Paz, Jr.'s 12(b)(5) & (6) Motion to Dismiss (Doc. 21); and (5) Arturo's 12(b)(1), (5), & (6) Motion to Dismiss (Doc. 23). For the reasons stated below, the Court denies each Defendants' motion.

## I. BACKGROUND

This is a tale of two Mexican restaurants. The first, named Chapala Mexican Restaurant, is operated by Defendant La Familia and is located in Olathe, Kansas. The second, also named Chapala Mexican Restaurant, is operated by Defendant Alondra, Inc. and is located in Gardner, Kansas. Although the restaurants are operated by two separate corporations, they have the same menu and share employees. Additionally, they share some of the same management: Defendant De la Paz, Sr. is co-owner, Treasurer, and Secretary of La Familia, and has the authority to hire and fire both restaurants' employees, to supervise the restaurants' employees, and to set the restaurants' employees' work schedules and rates of pay; Defendant De la Paz, Jr. is general manager of La Familia, President and Director of Alondra, Inc., and has the authority to hire and fire both restaurants' employees, to supervise the restaurants' employees, and to set the restaurants' employees' work schedules and rates of pay; and Tomas de la Paz is sole owner of Alondra, Inc. and is President of La Familia. Defendant Arturo is the manager of the Olathe Chapala Mexican Restaurant, and supervises that restaurant's employees, pays the employees' wages, and sets the employees' work schedule.

On July 19, 2010, the Secretary of Labor filed a complaint alleging that since April 2007 La Familia, Alondra, Inc., de la Paz, Sr., de la Paz, Jr., and Arturo had willfully violated the FLSA by not keeping adequate and accurate records and failing to pay non-exempt employees, including

dishwashers, bus boys, and chip/food runners, minimum wage and overtime. Plaintiff's complaint also alleges that Defendants collectively performed activities through unified operation or common control and for a common business purpose, which constitutes an "enterprise engaged in commerce or in the production of goods for commerce" as defined by § 203(s)(1)(A) of the Act.

On November 15, 2010, 119 days after filing the complaint, Plaintiff's special process server, Mr. Wiechmann, served de la Paz, Jr., Alondra, Inc., and La Familia through personal, in-hand service on de la Paz, Jr. at La Familia's restaurant in Olathe. On that same day, Mr. Wiechmann also personally served de la Paz, Sr. and Arturo at the La Familia restaurant.

Defendants have submitted motions seeking to dismiss Plaintiff's action for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim.

## II. LEGAL STANDARDS

**Legal Standard for a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[1] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[2] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[3] Mere allegations of jurisdiction are not enough.[4]

---

[1] 28 U.S.C. § 1331 (2009).

[2] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[3] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[4] *Id.* at 798.

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[5] The law imposes a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.

**Legal Standard for a Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process**

Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service.[6] The burden is on the plaintiff to make a prima facie showing that it satisfied the statutory and due process demands for the court to exercise jurisdiction.[7] Although the parties may submit affidavits in support of a motion to dismiss for insufficiency of service of process, the court must give the plaintiff the benefit of any factual doubt where they are contested.[8]

**Legal Standard for a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[9] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to belief that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[10] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties

---

[5]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[6]*Pope v. Boy Scouts of Am.*, 2006 WL 3199423, at *1 (D. Kan. Nov. 3, 2006).

[7]*Id.*

[8]*Id.*

[9]*Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10]*Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[12] All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[13] Allegations that merely state legal conclusions, however, need not be accepted as true.[14]

### III. ANALYSIS

Defendants' motions fall into three distinct categories: (1) 12(b)(1) motions to dismiss for lack of subject matter jurisdiction; (2) 12(b)(5) motions to dismiss for insufficient service of process; and (3) 12(b)(6) motions to dismiss for failure to state a claim. The Court will address these categories of motions in turn.

**Defendants' 12(b)(1) Motions to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants Alondra, Inc., Arturo, and de la Paz, Sr. argue that the Court lacks subject matter jurisdiction over Plaintiff's claims against them because they are not within the FLSA's coverage.[15] Specifically, Defendant Alondra, Inc. argues that it is exempt from the FLSA because it does not qualify as an "enterprise engaged in commerce or in the production of goods for commerce" under

---

[11]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[12]*Iqbal*, 129 S. Ct. at 1950.

[13]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[14]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15]Each Defendant mentions a 12(b)(1) standard of review in the "Applicable Law" section of their motions. However, only Defendants Alondra, Inc., Arturo, and de la Paz, Sr. brief arguments on the issue.

§ 203(s)(1)(A)(ii), as its 2007, 2008, and 2009 gross sales were less than $500,000.[16] Defendants Arturo and de la Paz, Sr. contend that the FLSA does not apply to them because they do not meet the definition of an "employer" according to § 203(d) of the Act.[17]

Cognizant of the fact that "subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits related determination,"[18] the Supreme Court has developed a bright-line test to guide lower courts on the matter: in order for a statutory requirement to be jurisdictional, Congress must specifically state that it is.[19] If Congress fails to make such a statement, courts are to find that the requirement is non-jurisdictional.[20]

Applying the aforestated test to § 203, the Court finds that the requirements contained therein are not jurisdictional. As its title reveals, § 203 is merely the definitional section of the FLSA. It "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."[21] As a result, Defendants' arguments that the Court lacks jurisdiction over Plaintiff's claims against

---

[16]Section 203(s)(1)(A)(ii) defines enterprise engaged in commerce or in the production of goods for commerce as "an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)."

[17]Section 203(d) defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

[18]*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006).

[19]*Id*. at 515-16.

[20]*Id*. at 516.

[21]*Xie v. Univ. of Utah*, 243 F. App'x 367, 371 (10th Cir. 2007) (quoting *Arbaugh* 546 U.S. at 1245).

them because the statute's requirements are not met is without legal traction, and, thus, to the extent that their motions are premised on such arguments, they are denied.[22]

**Defendants' 12(b)(5) Motions to Dismiss for Insufficient Service of Process**

Each Defendant argues that Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(5).[23] The Court will address each Defendant's arguments in turn.

Defendant La Familia argues that Plaintiff's method of service – personally serving de la Paz, Jr. at his place of employment – was insufficient because Plaintiff never obtained de la Paz, Jr.'s signature, and de la Paz, Jr. is not a designated agent, corporate officer, or a principal of La Familia. The problem with this argument is twofold. First, neither Federal nor Kansas law requires that the process server obtain the signature of the person served to effect proper service. Second, under Rule 4(h)(1), Plaintiff is not limited to serving only La Familia's designated agent, corporate officer, or principal; rather, Plaintiff can also serve La Familia's managing agent,[24] i.e., a person "authorized to transact all business of a particular kind at a particular place and [is] vested with powers of discretion rather than being under direct superior control."[25] Here, based on an affidavit submitted by de la Paz, Jr., it appears that de la Paz, Jr. is La Familia's general manager. He not

---

[22]*See, e.g., Chao* v. *Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (concluding that the annual gross sales requirement set forth in § 203(s)(1)(A)(ii) is not jurisdictional).

[23]Defendant La Familia asserts in its motion that it is raising a 12(b)(4) argument as well. However, La Familia does not develop or elaborate on this argument, thus, it is waived. *See, e.g., United Transp. Union v. Dole*, 797 F.2d 823, 827 (10th Cir. 1986) (stating that the failure to develop an argument generally waives the argument). Even if La Familia had not waived this argument, though, it would still fail because there is no basis to conclude that the form of the process or the content of the summons was defective, or that such a defect was prejudicial to Defendant. *See, e.g., Nicks v. Brewer*, 2010 WL 4868172, at *5 (D. Kan. Nov. 23, 2010).

[24]*See* Fed. R. Civ. P. 4(h)(1)(B) (stating that service must take place within 120 days of when the complaint is filed) .

[25]*Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004); *see also Vax-D Med. Techs., LLC v. Tex. Spine Med. Ctr.*, 485 F.3d 593, 596 (5th Cir. 2007) (finding that the defendant's manager was a managing agent).

only refers to himself as such, but he also has the ability to hire and fire employees, supervise employees, and set rates of pay. The Court finds that this is sufficient to meet the definition of managing agent. Therefore, because de la Paz, Jr. was served on November 15, 2010, 119 days after the summons was issued,[26] the Court concludes that La Familia was properly served.

Likewise, the Court concludes that Defendant Alondra, Inc. was properly served. Alondra, Inc. argues that Plaintiff's method of service – personally serving Alondra, Inc.'s registered agent, de la Paz Jr.– was insufficient for three reasons: (1) Plaintiff did not first attempt to serve de la Paz, Jr. at his residential address; (2) Plaintiff did not attempt to serve de la Paz, Jr. at Alondra, Inc.'s residential address; and (3) Plaintiff waited until the last minute of the Rule 4(m) 120-day limit to attempt service. All of these arguments lack merit. First, the Federal rules do not require that a corporation's registered agent be served at his home or the corporation's address. Second, under Rule 4(m), it is immaterial when Plaintiff served Alondra, Inc. so long as Plaintiff did so within 120 days of filing its complaint, which it did. Accordingly, the Court rejects Alondra, Inc.'s argument regarding insufficient service.

The Court also rejects Defendants de la Paz, Sr.'s and de la Paz, Jr.'s argument that Plaintiff's method of service – serving de la Paz, Sr. and de la Paz, Jr. at their place of employment – is insufficient because Kansas law requires that the server attempt to personally serve an individual at his residence prior to attempting service at the individual's place of work. Defendants' argument lacks merit because Rule 4(e)(2)(A) specifically states that proper service on an individual can be effected by personally delivering a copy of the summons and complaint to the defendant. Therefore, because Plaintiff has produced evidence that it personally served de la Paz, Sr. and de la Paz, Jr.

---

[26] *See* Fed. R. Civ. P. 4(m).

within 120 days of filing its complaint, these Defendants' motions are denied to the extent they seek dismissal on Rule 12(b)(5) grounds.

With regard to Defendant Arturo, the claims against him should not be dismissed for insufficient service. Arturo first argues that Plaintiff's attempted service at his place of employment was improper because there was no attempted service of process at his residence. As noted above, this argument is erroneous, and is therefore rejected. Arturo also claims that he was never served. Arturo's claim is in conflict with other evidence in the record, namely the Proof of Service and an affidavit prepared by Mr. Wiechmann, the special process server, which indicates that Arturo was served on November 15, 2010 at his place of employment. Therefore, because the Court is to resolve all factual disputes in the plaintiff's favor in the Rule 12(b)(5) context, the Court concludes that Arturo's motion to dismiss for improper service should also be denied.

**Defendants' 12(b)(6) Motions to Dismiss for Failure to State a Claim**

In their motions, Defendants argue that Plaintiff's complaint fails to state a claim because the complaint merely recites the statutory language of the FLSA; contains conclusory statements with no facts to inform Defendants of who was injured and in what specific manner; and lacks a recognizable legal theory to find any particular defendant liable. After reviewing the amended complaint and the applicable law, the Court concludes that Defendants' arguments are meritless. As recently stated by the Court in *McDonald v. Kellogg Co.*,[27] in a straightforward unpaid compensation case such as this, the complaint need only allege that the defendant has violated the FLSA through its policy and practice of refusing to pay employees the appropriate amount of

---

[27] 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009).

compensation in order to satisfy Rule 8's requirements.[28] As for the fact that the complaint does not list the names of the individual employees who were allegedly not paid minimum wage and/or overtime, existing precedent establishes that it is a non-issue.[29] Lastly, Plaintiff has alleged sufficient facts to make it plausible that the individuals named as Defendants in this case are employers and that the two corporations operating the Chapala Mexican Restaurants are entities covered by the FLSA. Therefore, for these reasons, the Court finds that Plaintiff's amended complaint alleges plausible claims against each Defendant. Accordingly, the Court denies Defendants' motions to the extent they seek dismissal on Rule 12(b)(6) grounds.

**IT IS THEREFORE ORDERED** that La Familia's 12(b)(5) & (6) motion to dismiss (Doc. 22) is hereby DENIED.

**IT IS FURTHER ORDERED** that Alondra, Inc.'s 12(b)(1), (5), & (6) motion to dismiss (Doc. 20) is hereby DENIED.

**IT IS FURTHER ORDERED** that de la Paz, Sr.'s 12(b)(1), (5), & (6) motion to dismiss (Doc. 24) is hereby DENIED.

**IT IS FURTHER ORDERED** that de la Paz, Jr.'s 12(b)(5) & (6) motion to dismiss (Doc. 21) is hereby DENIED.

---

[28]*Id.*

[29]*See*, *e.g., Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding that an FLSA complaint need not specify the names of the aggrieved employees, their wages, the weeks in which the employees were entitled to overtime pay, or the particular records that the defendant had failed to maintain in order to survive a motion to dismiss).

**IT IS FURTHER ORDERED** that Arturo's 12(b)(1), (5), & (6) motion to dismiss (Doc. 23) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE