## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES DEPARTMENT OF ) <br> LABOR, Secretary, Hilda L. Solis, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LA FAMILIA CORPORATION, et al., ) <br> Defendants. ) | Case No. 10-2400-EFM-GLR |

### MEMORANDUM AND ORDER

The Court has under consideration Defendant's Motion to Compel (ECF No. 66). For the reasons set out below, the Court grants the motion in part and denies it in part.

### I.    Nature of the Matter Before the Court

Plaintiff, the United States Department of Labor (the Government), brings this action under the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. § 201 *et seq.* It alleges violations of minimum wage and overtime provisions and the requirement for keeping adequate and accurate records.[1] The Government seeks to permanently enjoin Defendants[2] from violating § 15(a)(2) and (5) of the FLSA, and to prevent them from withholding payment of unpaid compensation determined to be due to their employees.[3]

To ascertain the validity of the claims asserted against it, the movant Defendant La Familia Corporation (Defendant) served its First Interrogatories and First Requests for Production (RFP) to Plaintiff on September 30, 2011. In response to the requested discovery, the Government provided

---

[1] Am. Compl. (ECF No. 25) at 1 and 5.

[2] Plaintiff names as defendants two restaurants (La Familia Corporation and Alondra, Inc.) and their owners or officers (Vicente de la Paz, Sr.; Vicente de la Paz, Jr.; and Arturo de la Paz). *Id.* at 2-3.

[3] *Id.* at 6.

a privilege log and asserted objections, based upon the informer's privilege, work product, attorney-client privilege, deliberative process privilege, and relevance.[4] Without waiving its objections to the interrogatories, the Government exercised the option under Fed. R. Civ. P. 33(d)[5] to produce business records as part of or in lieu of answering some of the interrogatories.[6] In response to the RFP and without waiving its objections, it likewise produced "all non-privileged, non-objectionable portions of the investigative file."[7] By the instant motion, Defendant seeks to compel the Government to fully answer certain interrogatories and to produce all documents responsive to certain requests for production. The Government opposes the motion. Defendant has filed its reply. The motion is ready for ruling.

## II.   SCOPE OF MOTION TO COMPEL

Defendant seeks to compel the Government to fully answer Interrogatories 1, 2, 3, 7, 8, and 12 through 19 and to produce all documents responsive to RFP 2, 4, 7, 9, and 11-15.[8] The Government states that in response to the requested discovery it has provided its entire investigation file for both of the restaurant defendants – redacted only as noted on its privilege log.[9] It further states that

---

[4] *See* ECF No. 67-4 (Pl.'s Answers to First Interrogatories); ECF No. 67-5 (Pl.'s Resps. to First RFP); ECF No. 67-7 at 2-4 (privilege log prepared in response to First RFP).

[5] The Government indicates that it invokes Fed. R. Civ. P. 33(c). But the subparagraph was re-designated as (d) through amendments to the rule in 1993.

[6] *See* ECF No. 67-4.

[7] *See* ECF No. 67-5.

[8] Def.'s Mem. Supp. (ECF No. 67) at 1-17.

[9] Pl.'s Opp'n (ECF No. 79) at 2.

most redacted information has been separately provided in a summary of back wages at issue.[10]

Both parties proceed as though the investigation file is the only repository for potentially responsive documents. Because Defendant does not contest the production on grounds that other repositories may exist, the Court concludes that the motion does not question the scope of the Government's production in that respect. Accordingly, the Court assumes that the Government has produced all non-privileged, relevant documents in its possession, custody, and control when it produced its investigatory file.[11]

The motion does not challenge the attorney-client or deliberative process privileges asserted by Government in its privilege log. The identified interrogatories and requests and responses thereto do not themselves place those privileges at issue. Defendant has not specifically addressed those privileges in its motion or supporting memoranda, moreover, although the Government mentions them in its response. The Government states it reasserted the deliberative process privilege in its response, notwithstanding a lack of clarity that the motion placed the privilege at issue.[12] Defendant did not discuss the privilege, however, in its reply brief.[13] It mentions only the informer's privilege by name. The parties focus their briefing on that privilege and to a lesser extent discuss work product. The Court concludes that the instant motion does not call into question the validity of objections based upon either the attorney-client or the deliberative process privileges. Generic references to unspecified privileges or a general challenge to the adequacy of the privilege log

---

[10]*Id.*

[11]If the Government has not produced documents from all of its repositories, it shall supplement its original production.

[12]Pl.'s Opp'n at 3.

[13]*See* Reply at 1-13 (showing no mention of the deliberative process privilege).

provide an insufficient basis to challenge specific privileges that do not appear to be placed at issue by the particular interrogatories and requests for production at issue.[14]

The Court will, therefore, address the motion with regard to the identified interrogatories, requests for production, and the objections of relevancy, work product, and informer's privilege. Defendant also appears to object to the invocation by the Government of Fed. R. Civ. P. 33(d) to produce business records in lieu of answering the interrogatories.[15]  It asserts in passing that "the documents do not even come close to fully answering the questions posed."[16]  Defendant, however does not identify how the documents are inadequate to answer the interrogatories.  Part of the alleged inadequacies naturally flow from the redaction of privileged information – an issue that the Court does address in this memorandum and order.  Given the lack of specificity by Defendant, the Court overrules the objection to the use of Rule 33(d).

### III. SUFFICIENCY OF ANSWERS TO INTERROGATORIES 1, 3, and 8

Before addressing objections to the requested discovery, the Court considers the sufficiency of the answers to Interrogatories 1, 3, and 8.  The Government answered them without objection. Defendant contends that each of the answers lack specificity and are, therefore, insufficient.  The

---

[14]The Government's privilege log prepared in response to Defendant's First Request for Production of Documents identifies two documents protected by the attorney-client privilege (one of which is also protected by the informer's privilege) and one document protected by deliberative process privilege. *See* ECF No. 67-7 at 2-4.  The Court will consider the sufficiency of this privilege log later in this memorandum and order.  The Government also prepared a privilege log in response to informal production of documents to Alondra, Inc. *See id.* at 5-6.  That log identifies those same documents as protected by the asserted privileges and three other documents that are protected by the deliberative process privilege.  This privilege log is not placed at issue by the instant discovery dispute.

[15]*See* Def.'s Mem. Supp. at 16.

[16]*See id.*

Court disagrees. It finds them sufficient. Accordingly, it overrules the motion to compel additional answers. It will consider the objections asserted against the other requests for discovery.

## IV. RELEVANCY

The Government objects to Interrogatory 7 on grounds of relevancy. Specifically it objects to the request for birth dates, birthplaces, social security numbers, and addresses of employees that the Government claims "performed compensable work for which he/she was not properly compensated."

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the general scope of discovery.[17] Since amendments in 2000, the rule provides "a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action."[18] Under this two-tiered process, objections on grounds of relevancy require the courts to first "determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[19]

At the discovery stage of litigation, relevancy is broadly construed and courts should consider requests for discovery relevant "if there is 'any possibility' that the information sought may be rele-

---

[17]Rule 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

[18]*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).

[19]*Id.* (quoting Fed. R. Civ. P. 26(b)(1) (2000 amend.)).

vant to the claim or defense of any party"[20] or "to the subject matter of the action."[21] When the relevancy of requested discovery is not apparent, the party seeking the discovery has the burden to show its relevance.[22] On the other hand, when requested discovery appears relevant, the party objecting to the discovery has the burden to show that the discovery does not fall within the broad scope of relevance set out in Rule 26(b)(1) or "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[23]

Because the relevancy of the employees' birth dates, birthplaces, and social security numbers is not apparent, Defendant has the burden to show that information is relevant. On the other hand, the Government has the burden to show that the addresses of employees are irrelevant, because that information is facially relevant to the claims and defenses of the parties.[24] Neither party has carried its burden. The Court thus sustains the objection of irrelevancy to the extent Interrogatory 7 seeks birth dates, birthplaces, and social security numbers. It otherwise overrules the objection.

## V. WORK PRODUCT

The Government asserts objections of work product against Interrogatories 7 and 19 and RFP 2 and 7. As the party seeking protection for work product, the Government has the burden to show

---

[20] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

[21] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999) (quoting *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)). Despite the changes to Rule 26(b)(1) in 2000, the standard enunciated in "*Etienne* remains good law." *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001).

[22] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[23] *Id.* (citation omitted).

[24] Rule 26(b)(1) specifically identifies "the identity and location of persons who know of any discoverable matter" as being relevant to the claims and defenses in the action.

that it clearly applies.[25] Carrying this burden requires competent evidence that establishes all elements of work product.[26] The party seeking protection must describe the information in detail and provide precise reasons why it should be protected from discovery.[27]

Fed. R. Civ. P. 26(b)(3) protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." This doctrine has two distinct components – one which requires that the document or thing in question be created because of the anticipation of litigation and one that places reasonable limits on a party's anticipation of litigation.[28] Whether a document constitutes work product depends on the primary reason for its creation.[29] Generally protection as work product does not arise, "unless the primary motivating purpose for creating the document is to assist in pending or impending litigation."[30] Parties claiming work product protection must show an "underlying nexus between the preparation of the document and the specific litigation."[31]

But even when litigation is anticipated, there is no work product protection accorded to docu-

---

[25]*See Cooper v. Old Dominion Freight Line, Inc.*, No. 09-CV-2441-JAR, 2011 WL 251447, at *5-6 (D. Kan. Jan. 25, 2011); *Marten v. Yellow Freight Sys., Inc.*, No. 96-2013-GTV, 1998 WL 13244, at *4 (D. Kan. Jan. 6, 1998).

[26]*Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994).

[27]*Id.*

[28]*U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 658 (D. Kan. 2007).

[29]*Marten*, 1998 WL 13244, at *10.

[30]*Id.* at *11.

[31]*Id.* (citation omitted); *accord Pouncil v. Branch Law Firm*, No. 10-1314-JTM, 2011 WL 5025033, at *2 (D. Kan. Oct. 21, 2011).

7

ments prepared "in the ordinary course of business or for other non-litigation purposes."[32] Such protection does not arise merely on an "inchoate possibility, or even likely chance of litigation."[33] The doctrine only justifies protection when the threat of litigation is real and imminent.[34] This means that "there must be a substantial probability that litigation will ensue at the time the documents were drafted."[35] Whether documents are prepared in anticipation of litigation ultimately requires "a case-by-case analysis, considering the unique factual context of the given problem."[36]

The Government objects to Interrogatories 7 and 19 on grounds of work product to the extent they seek information gathered in anticipation of litigation and seek to invade the mental process of counsel. The Court overrules these objections. The Government has made no showing of work product. In general, furthermore, it is inappropriate to assert an objection of work product against an interrogatory that does not specifically ask "for the content of a document protectable as work product" or include a request for production.[37] Neither interrogatory includes a request for production of documents. Nor do they specifically ask for content of a document protected as work product. That the Government invoked Fed. R. Civ. P. 33(d) to produce business records in lieu of answering Interrogatory 7 does not provide a basis for objecting to that interrogatory on grounds of work product.

---

[32]*Ledgin v. Blue Cross & Blue Shield*, 166 F.R.D. 496, 498 (D. Kan. 1996).

[33]*See id.*

[34]*Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *9 (D. Kan. Oct. 5, 1995).

[35]*U.S. Fire Ins. Co.*, 247 F.R.D. at 657.

[36]*Id.* at 659 (citation omitted).

[37]*ERA Franchise Sys., Inc. v. N. Ins. Co. of N.Y.*, 183 F.R.D. 276, 280 (D. Kan. 1998).

The Government also objects to RFP 2 and 7 on grounds of work product.[38] But it again provides no support for the objection. Its privilege log does not even refer to work product.[39] The Court overrules these objections of work product.

## VI.   INFORMER'S PRIVILEGE

The Government has asserted an informer's privilege in response to Interrogatories 2, 7, and 12-19 and each of the requests for production at issue here. It contends that governmental agencies have a privilege to withhold information that identifies or would tend to identify individuals who have provided information during an investigation of alleged violations of federal law.

In the criminal context, "the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."[40] The privilege is intended to protect informants who may be later "targeted for reprisal from those upset by the investigation."[41] Its purpose is to further and protect "the public interest in effective law enforcement."[42] It "recognizes the responsibility of citizens to cooperate with law enforcement officials and, by providing anonymity, encourages them to perform that obligation."[43] The Tenth Circuit has long held that the privilege applies in civil

---

[38]RFP 2 seeks "Copies of any and all records that support plaintiff's claims."

[39]*See* ECF No. 67-7 at 2-4.

[40]*Roviaro v. United States*, 353 U.S. 53, 59 (1957).

[41]*Matter of Search of 1638 E. 2nd St., Tulsa, Okla.* (*Matter of Search*), 993 F.2d 773, 774 (10th Cir. 1993) (quoting *Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989)).

[42]*Roviaro*, 353 U.S. at 59.

[43]*Id.*

9

cases.[44]  In fact, the privilege "is arguably stronger" in the civil context "because the constitutional guarantees assured to criminal defendants are inapplicable."[45]

The government may assert the privilege without showing any likelihood of reprisal or retaliation.[46]  But the informer's privilege is not absolute.[47]  It does not apply when "the disclosure of the contents of a communication will not tend to reveal the identity of an informer."[48]  Nor does it apply after "the identity of the informer has been disclosed to those who would have cause to resent the communication."[49]  Fundamental fairness likewise limits the privilege's application.[50]  Courts must weigh the governmental interest "in protecting its sources . . . against the defendants' need for the information."[51]  Except in "extraordinary circumstances" the courts uphold the privilege "in preliminary proceedings not determinative of the merits of a controversy."[52]  At the discovery stage of litigation, the party attempting to overcome the privilege must show "a substantial need for the

---

[44]*See Matter of Search,* 993 F.2d at 774; *Brock v. Gingerbread House, Inc.*, 907 F.2d 115, 116 (10th Cir. 1989) (FLSA case); *Usery v. Local Union 720, Laborers' Int'l Union of N. Am.*, 547 F.2d 525, 527 (10th Cir. 1977); *Usery v. Ritter*, 547 F.2d 528, 531 (10th Cir. 1977) (FLSA case).

[45]*Matter of Search,* 993 F.2d at 774.

[46]*Id.* at 774.

[47]*Id.*

[48]*Roviaro*, 353 U.S. at 60.

[49]*Id.*

[50]*Id.*

[51]*Ritter*, 547 F.2d at 531.

[52]*Local Union 720*, 547 F.2d at 528.

requested breach of confidentiality" to tip the scales in favor of disclosure.[53]

Defendant argues that the informer's privilege does not apply in this case, because its employees were interviewed in plain view of its representatives.[54] The redacted statements, however, show that interviews were conducted on more than one day and some were by telephone.[55] Defendant, moreover, overlooks the difference between an "informer" and "a statement giver" or mere interviewee.[56] That Defendant may have seen employees interviewed by the Government does not disclose the identity of any informer – it merely discloses the interviewees for that set of interviews. This distinction is material in the current context.

Defendant next argues that, even if the privilege applies, its need for the factual information requires disclosure.[57] It contends that the "employees are factual and material witnesses rather than mere informers."[58] It further contends that informants who actually participated and witnessed

---

[53]*Id.*; *accord Brock*, 907 F.2d at 116.

[54]Def.'s Mem. Supp. at 10.

[55]*See* ECF No. 86-2 (exhibits attached to reply brief).

[56]*See Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972). In *Hodgson*, the Fifth Circuit appropriately noted the distinction as follows:
> Knowing the identity of persons who have given statements to the Secretary is not equivalent to knowledge of which of those persons were informers within the context of the privilege. Only when the content of a statement is disclosed will it be revealed whether the information was given reluctantly or voluntarily, whether the tone and manner in which it was given was friendly to the defendant or unfriendly, and whether it was accusatory or favorable. In short, if the employee is not known to the defendant as an informer but merely as a statement giver, then disclosure of the statement might reveal him as an informer.

[57]Def.'s Mem. Supp. at 10.

[58]*Id.* at 11.

material and relevant events differ from an informant who merely provides a tip to law enforcement agencies.[59] It claims to have a valid and legitimate need for factual information to defend against the vague and generic assertions that unnamed, unknown individuals are owed wages.[60]

Defendant has not shown a substantial need for the non-disclosed information at this stage of the litigation. Although some employees who were interviewed by the Government may not qualify as an informer, the disclosure of their identifying information could by a process of elimination disclose the identity of employees who do qualify. The privilege is broad enough to protect such information from disclosure so as to promote its purposes.

The privilege is also broad enough to protect the identities of informers who witnessed material and relevant events. Defendant relies on *McLawhorn v. North Carolina*[61] for distinguishing between a mere "tipster" and an informant who was an actual participant and witness to material and relevant events.[62] But *McLawhorn* arose in the criminal context where the accused constitutional rights were at issue. Neither the Tenth Circuit nor the District of Kansas has recognized or accepted such distinction in the civil context. This Court declines to extend the distinction recognized in *McLawhorn* to this FLSA context. The balancing test set out in *Roviaro* and applied by the Tenth Circuit in the civil context, moreover, is flexible enough to adequately consider the nature of the informant in balancing the need for information against the governmental interest in maintaining the confidentiality of its sources. At this point in the litigation, the balance weighs in favor of non-

---

[59]*Id.* at 12-13.

[60]*Id.* at 13.

[61]484 F.2d 1 (4th Cir. 1973).

[62]Def.'s Mem. Supp. at 11-13.

disclosure.

Defendant argues that discovery in this case should not differ from discovery in employment termination or discrimination actions.[63] The argument misses a critical distinction – the United States government through the Department of Labor has brought the instant suit under the FLSA. That fact provides a basis for the assertion of the privilege in this case.

Upon considering all relevant facts presented to it, the Court determines that the Government has properly and adequately asserted the informer's privilege.[64] Because Defendant has not made a sufficient showing to overcome the privilege, the Court sustains the objections of informer's privilege asserted against Interrogatories 2, 7, 12 through 19 and each RFP. Given the applicability of the informer's privilege, the Government has adequately answered Interrogatories 2, 7, and 12-19 and adequately responded to RFP 2, 4, 7, 9, and 11 through 15. It need provide no further response. The Court overrules the motion as it relates to these requests for discovery.[65]

## VII.  ADEQUACY OF PRIVILEGE LOG

Defendant claims that the privilege log provides insufficient information.[66] It asks the Court to find that the Government has waived any privilege asserted therein.[67] The Government has

---

[63]*Id.* at 13.

[64]When a privilege belongs to the Government, "[t]here must be formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (footnotes and citations omitted). The Government complied with that process here. *See* ECF No. 79-3 (Decl. Supp. Claim of Privilege).

[65]In light of the applicability of the informer's privilege, the motion is overruled entirely with respect to Interrogatory 7 even though the Court has found the addresses of the employees relevant.

[66]Mem. Supp. at 9, 15.

[67]*Id.* at 16.

provided two logs that contain (1) a brief description of the withheld document, (2) dates for some withheld documents, (3) the author and addressee or a notation for file, (4) whether the document is fully or partially privileged, and (5) a brief description of the privilege claimed.[68]

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires responding parties to expressly assert claims of privilege and work product when they withhold otherwise discoverable information on those grounds. The rule further requires them to "describe the nature of the documents, communications, or tangible things not produced or disclosed." But the rule makes no "attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection."[69] The rule does not specifically require a privilege log or any particular means of satisfying its requirements.[70] In fact, a privilege log may not be "necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document."[71] Parties, nevertheless, typically satisfy Rule 26(b)(5)(A)(ii) by creating and providing a privilege log that sets out pertinent information identified by case law.[72]

---

[68] ECF No. 67-7 at 2-6. As previously mentioned, the only log directly placed at issue by the instant motion is the one prepared in response to Defendant's First RFP.

[69] Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993 amend.).

[70] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 WL 2631938, at *5 (D. Kan. Sept. 13, 2006).

[71] *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *4 n.11 (D. Kan. Aug. 10, 2010).

[72] *See id.* at *4 (identifying various information that is typically included in a privilege log); *Booth v. Davis*, No. 10-4010-RDR, 2011 WL 1627004, at *7-8 (D. Kan. Apr. 28, 2011) (identifying nine required categories of information to be included in a privilege log); *Cont'l Coal, Inc. v. Cunningham*, No. 06-2122-KHV, 2007 WL 3245428, at *1 (D. Kan. Nov. 2, 2007) (same). Prior to the addition of Rule 26(b)(5) to the federal rules, the District of Kansas similarly required a detailed index containing various information to support assertions of work product. *See Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 334 (D. Kan. 1991).

In this case the Government has withheld information on grounds of privilege. It has provided a privilege log in an effort to comply with Rule 26(b)(5)(A)(ii). Although the log does not contain all the information typically included in the District of Kansas, it appears sufficient with respect to the informer's privilege. The brief description for that privilege states that the withheld documents contain information which could identify persons who provided information to the government. Unlike the attorney-client privilege or work product, one does not need much information to determine application of the informer's privilege. If a privilege log provides adequate information to assess whether the asserted privilege applies to the identified document, it sufficiently complies with Rule 26(b)(5)(A)(ii).

Although the submitted log is sufficient with respect to the informer's privilege, it provides insufficient information with respect to the attorney-client and deliberative process privileges.[73] A provided log must provide sufficient information to determine that each element of the asserted privilege is met.[74] The Government's privilege log does not provide sufficient information to assess whether the claimed privileges apply to the withheld documents.[75] But the Government has provided a declaration in support of its assertion of the deliberative process privilege which provides the

---

[73]The Court recognizes that the validity of objections based on the attorney-client and deliberative process privileges fall outside the scope of the instant motion to compel. But Defendant's general objection to the sufficiency of the privilege log provides an adequate basis for the Court to consider its sufficiency.

[74]*Servicemaster of Salina, Inc. v. United States*, No. 11-1168-KHV-GLR, 2012 WL 1327812, at *2 (D. Kan. Apr. 17, 2012).

[75]*See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (setting out the elements of the attorney-client privilege); *Hass v. U.S. Air Force*, 848 F. Supp. 926, 930 (D. Kan. 1994) (setting out the elements of the deliberative process privilege). As the Court has found herein, the Government has not supported its assertion of work product. But because the Government does not list work product on its privilege log, there is no need to determine the log's sufficiency as to work product.

required information regarding that privilege.[76] The privilege log with the provided declaration provides a sufficient description to comply with Rule 26(b)(5)(A)(ii) with respect to the deliberative process privilege. Because the privilege log is insufficient with respect to the attorney-client privilege, however, the Government shall provide a supplemental log to sufficiently support the assertion of that privilege. The Court declines to find waiver on the circumstances present here. As recognized by Defendant, the Court has several available options to remedy an insufficient privilege log, including permitting the production of a supplemental log to provide adequate information.[77]

## VIII.  REQUEST TO PRODUCE DOCUMENTS UNDER PROTECTIVE ORDER

Defendant requests that the Court compel the Government to answer the interrogatories and produce privileged documents pursuant to an appropriate protective order, if the Court determines that the Government has properly asserted an applicable privilege.[78] The Court declines to do so. If confidentiality were the only issue, such process might be acceptable. But privilege goes beyond mere confidentiality. Defendant has suggested no principle of law to compel disclosure of privileged information merely because it is subject to a protective order. The Court otherwise knows of none.

## IX.  CONCLUSION

For reasons thus stated, the Court grants in part and denies in part Defendant's Motion to Compel (ECF No. 66). It grants the motion to the extent that part of the relevancy objection asserted against Interrogatory 7 is overruled. It overrules objections of work product asserted against Interrogatories 7 and 19 and RFP 2 and 7, and directs the Government to provide a supplemental privilege

---

[76]*See* ECF No. 79-3.

[77]*See* Def.'s Mem. Supp. at 15.

[78]*Id.* at 14.

log to adequately support its claim of attorney-client privilege. The motion is otherwise overruled. Because the Court sustains the objections of informer's privilege, it finds no grounds to compel the Government to provide further answers to Interrogatories 7 and 19 or additional production in response to RFP 2 and 7, even though the Court has overruled certain objections to them. Within twenty days of the date of this Memorandum and Order the Government shall supplement its privilege log, as herein directed, and if necessary, supplement its original production in accordance with footnote eleven. Each party shall be responsible for its own expenses incurred on the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 15th day of May, 2012.**

<u>**s/Gerald L. Rushfelt**</u>
**Gerald L. Rushfelt**
**U.S. Magistrate Judge**