## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF<br>LABOR, Secretary, Hilda L. Solis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-2400-EFM-GLR |
| | ) | |
| LA FAMILIA CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

The Court has under consideration a Motion to Compel (ECF No. 89) filed by defendants La Familia Corporation (La Familia); Alondra, Inc. (Alondra); Vicente de la Paz, Sr. (father); and Vicente de la Paz, Jr. (son) (collectively referred to as Defendants).[1]  For the reasons set out below, the Court grants the motion in part and denies it in part.

**I.     Nature of the Matter Before the Court**

Plaintiff, the United States Department of Labor (the Government), brings this action under the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. § 201 *et seq.*, for alleged violations of the Act's minimum wage and overtime provisions, as well ast its requirement for keeping adequate and accurate records.[2]  The Government seeks to enjoin defendants from violating § 15(a)(2) and (5) of the FLSA, and to prevent them from withholding payment of unpaid compensation allegedly due to their employees.[3]

---

[1]Plaintiff names two restaurants and their owners or officers as defendants.  Am. Compl. (ECF No. 25) at 2-3.  Defendant Arturo de la Paz is not a movant.

[2]*Id.* at 1 and 5.

[3]*Id.* at 6.

Defendants served numerous requests for discovery upon the Government on November 18, 2011.[4]  The Government served its responses in late January 2012.[5]

By the instant motion, Defendants seek to compel the Government to (1) fully answer Supplemental Interrogatories 20 through 25 from La Familia; Interrogatories 2, 3, 4, 6, 7, and 9 from the father; Interrogatories 2 through 5 from the son; and Interrogatories 2, 4, 7, 8, 12 through 19, 21, 22, and 25 from Alondra; (2) admit or deny La Familia's Requests for Admission (RFA) 7, 9 through 38, and 41 through 46 and Alondra's RFA 8 through 16 and 18; and (3) produce all documents responsive to La Familia's Second Requests for Production (RFP) 16 and Alondra's RFP 2, 4, 6, 7, 8, 9, and 11 through 21.  The Government characterizes the motion as "meritless, redundant, and a waste of time."[6]  It contends that its formal invocation of the informer's privilege entitles it to with-hold information that would tend to identify informers.[7]  It also contends that Second RFP 16 seeks irrelevant information that is beyond the scope of permissible discovery.[8]  Except for La Familia's RFA 7 and Alondra's RFA 8 and 18, it opposes the requests for admission on grounds that documents identified in the requests "speak for themselves."[9]  Defendants have filed their reply to the

---

[4]To avoid confusion from the multiple sets of interrogatories and other discovery, the Court will generally identify the type of discovery with the party who served it, e.g., Alondra's Inter-rogatory 8.

[5]*See* ECF No. 80.

[6]Pl.'s Opp'n (ECF No. 96) at 1.

[7]*Id.* at 1, 10-19.

[8]*Id.* at 5.

[9]*Id.* at 4, 9-10.  The Government does not identify Alondra's RFA 9 through 16 by number, but its arguments reveal that it stands by its initial answer that the documents identified therein speak for themselves.  *See* id. at 9-10.

response of the Government.[10]   The motion is ready for ruling.

## II.      SCOPE OF MOTION TO COMPEL

Defendants seek to compel a broad range of discovery.  The Government states that is has produced the non-privileged portions of its investigation file, including employee statements redacted to conceal the employees' identities.[11]  It further states that it has provided back wage computation sheets.[12]  Because Defendant does not contest the production on grounds that other repositories may exist, the Court concludes that the motion does not question the scope of the Government's production in that respect.  Accordingly, the Court assumes that the Government has  produced all non-privileged documents in its possession, custody, and control when it produced its investigatory file.[13]

Neither the motion nor the briefing calls into question any objection to interrogatories or requests for production other than the informer's privilege and relevancy.[14]  Accordingly, the Court addresses the motion with regard to the identified interrogatories, requests for production, and those objections.  It also addresses the requests for admission and responses to them.

## III.     REQUESTS FOR ADMISSION

Defendants want the Government to properly admit or deny La Familia's RFA 7, 9 through

---

[10]*See* Reply (ECF No. 98).

[11]Pl.'s Opp'n at 8-9.

[12]*Id.* at 6.

[13]If the Government has not produced documents from all of its repositories, it shall supplement its original production.

[14]Although the Government briefly mentions the work product doctrine, it makes no attempt to show its application.  *See* Pl.'s Opp'n at 1.  Nothing otherwise indicates that work product is at issue.

38, and 41 through 46 and Alondra's RFA 8 through 16 and 18.[15]

Rule 36(a) of the Federal Rules of Civil Procedure sets out the scope and procedure for requests for admission.  Parties "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[16]  Such requests serve "two vital purposes, both of which are designed to reduce trial time.  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."[17]  Generally, the purpose "is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[18]

A party responding to a request for admission may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both.  An answer must either admit or deny the truth of the matter asserted, "or state in detail why the answering party cannot truthfully admit or deny it."[19]  Denials shall "fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[20]

---

[15]Mem. Supp. at 7-12, 22-24.

[16]Fed. R. Civ. P. 36(a)(1).

[17]Fed. R. Civ. P. 36  advisory committee's note (1970 Am.).

[18]*Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995) (citation omitted).

[19]Fed. R. Civ. P. 36(a)(4).

[20]*Id.*

Objections must specifically state the grounds for objecting.[21]  The objecting party has "the burden of persuasion to justify" the objection.[22]

       Rule 36(a)(6) provides a means for judicial determination of the sufficiency of an answer or objection on motion of the requesting party.  The courts do not address the sufficiency of an answer unless they first find an asserted objection invalid or improper.[23]  A justified objection may eliminate the need for an answer.[24]  When determining the sufficiency of answers or objections to requests for admission, the courts consider the phrasing of the requests as carefully as the response.[25]  In the absence of a justified objection, an answer must be served.[26]  If an answer fails to comply with Rule 36(a), "the court may order either that the matter is admitted or that an amended answer be served."[27]

       Alondra's RFA 8 states:  "With respect to Alondra Document 19, please state the specific dates for which you claim each employee is owed wages and overtime wages."[28]  The Government answered:  "Neither admit nor deny.  This does not appear to be a request for admission."[29]  The

---

[21]Fed. R. Civ. P. 36(a)(5).

[22]*Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006).

[23]*Audiotext*, 1995 WL 625744, at *4.

[24]*See* Fed. R. Civ. P. 36(a)(6) ("Unless the court finds an objection justified, it must order that an answer be served.")

[25]*Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR-GLR, 2011 WL 1559422, at *2 (D. Kan. Apr. 25, 2011); *Audiotext*, 1995 WL 625744, at *2.

[26]Fed. R. Civ. P. 36(a)(6).

[27]*Id.*

[28]ECF No. 90-7 at 43.

[29]*Id.*

Court finds this answer sufficient.  The Government has adequately stated why it cannot truthfully admit or deny this RFA.

Alondra's RFA 18 asks the Government to admit that Alondra has "never had sales in excess of $500,000.00 in any one year period of time."[30]  The Government answered:  "Neither admit nor deny.  Defendant Alondra, Inc. refused repeated requests to provide information about its annual sales."[31]  Alondra contends that the answer ignores tax returns that it provided to the Government and a similar admission by the Government in response to a motion to dismiss.[32]  In response, the Government contends that tax returns may be incorrect and that it is not required to admit a fact merely because Alondra has a document supporting it.[33]  The Court finds the answer sufficient.  The Government has adequately stated why it cannot truthfully admit or deny this request notwithstanding the production of Alondra's tax returns.  That the Government may be willing to admit the fact for purposes of a motion to dismiss does not dictate that it admit it for purposes of a request for admission.

La Familia's RFA 7 asks the Government to admit that employees told the Government's investigator (Huggins) "that they were paid for all of their hours worked."[34]  The Government answered:  "Admit that some employees told Huggins that they were paid for all of their hours

_____

[30]*Id.* at 45.

[31]*Id.* at 45-46.

[32]Mem. Supp. at 23-24.

[33]Pl.'s Opp'n at 9.

[34]ECF No. 90-6 at 13.

worked, but deny that these employees stated that they were paid in accordance with the FLSA."[35]

In response to the motion, it states: "[The request] is true, as far as it goes. Employees were paid

something for all hours worked, but employees did not state that they were paid required minimum

wage and overtime."[36]  The Government's answer to this request is sufficient.

La Familia's RFA 9 through 38 and 41 through 46 and Alondra's RFA 9 through 16 ask the

Government to admit that  identified documents either indicate or do not indicate various matters.[37]

The Government answered each of these requests: "Neither admit nor deny.  The document speaks

for itself."[38]  These answers are not proper.  When parties answer a request for admission without

objection, Rule 36(a) requires that they either admit, deny, or state in detail why they cannot truth-

fully admit or deny.  The Government has chosen to neither admit nor deny, but fails to state an ade-

quate reason for why it is unable to provide a truthful admission or denial.  An assertion that docu-

ments speak for themselves is merely a "favorite excuse for not answering requests for admission"

that is not supported by Rule 36(a).[39]  Such an assertion provides no adequate reason for not admit-

ting or denying a request.[40]  The Court finds the Government's answers to La Familia's RFA 9

---

[35]*Id.*

[36]Pl.'s Opp'n at 4.

[37]*See* ECF No. 90-6 at 14-23; ECF No. 90-7 at 43-45.

[38]*See* ECF No. 90-6 at 14-23; ECF No. 90-7 at 43-45.

[39]*House v. Giant of Md. LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005).

[40]The Government provides no indication that it made the assertion as an objection rather than as a reason for its inability to admit or deny the requests.  But even if the Government had objected on grounds that the documents speak for themselves, the courts have likewise held that such objections are improper under Rule 36.  *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 530 (S.D. W. Va. 2007) (finding that objection, that "'[t]he referenced document speaks for itself,' is textbook 'folklore' and is not in compliance with Rule 36"); *Miller*

through 38 and 41 through 46 and Alondra's RFA 9 through 16 insufficient.  Pursuant to Fed. R. Civ.

P. 36(a)(6), the Court orders the Government to serve amended answers to these requests.

## IV.    INTERROGATORIES RELATED TO REQUESTS FOR PRODUCTION

Defendant La Familia and Alondra served identical interrogatories related to their requests

for admission.  Both Supplemental Interrogatory 25 and Alondra's Interrogatory 25 state:  "If you

do not equivocally admit each one of the Requests for Admissions propounded to you, please set

forth in detail the reasons for each such denial."[41]  In response, the Government referred the

defendants to its "Responses and Objections to Requests for Admission."[42]  Defendants argue that

the Government must explain its failure to admit La Familia's RFA 7, because it did not admit the

request without qualification.[43]  They later argue that the interrogatories require the Government to

explain any denial, including its answers to La Familia's RFA 9 through 38 and 41 through 46 and

Alondra's RFA 8 through 16 and 18.[44]  The Government construes both interrogatories as asking for

explanations regarding any denials.[45]

Defendants themselves seem uncertain as to what their interrogatories seek.  The Govern-

---

*v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) (finding that "objection that a document speaks for itself
. . . has no support whatsoever in the law of evidence" and finding that such objection to a request
for production defeats the purpose of Rule 36); *Sigmund v. Starwood Urban Retail VI, LLC*, 236
F.R.D. 43, 46 (D.D.C. 2006) (recognizing that objection that document speaks for itself is not
proper).

[41]*See* ECF No. 90-6 at 6; ECF No. 90-7 at 20.

[42]*See* ECF No. 90-6 at 6; ECF No. 90-7 at 20.

[43]Mem. Supp. at 8.

[44]*Id.* at 12, 23-24.

[45]Pl.'s Opp'n at 4, 9-10.

ment's construction of them appears reasonable, given their text.  Because the Government has not denied the requests, the Court finds no basis to compel additional answers to either Supplemental Interrogatory 25 or Alondra's Interrogatory 25.  The Court overrules the motion as it relates to these interrogatories.

## V.  INTERROGATORIES ANSWERED WITHOUT OBJECTION

Before addressing the objections to interrogatories or requests for production, the Court considers the sufficiency of the answers to interrogatories to which the Government did not object. It answered La Familia's Supplemental Interrogatories 22 and 24; Interrogatories 6, 7, and 9 from the father; Interrogatories 4 and 5 from the son; and Alondra's Interrogatories 4, 8, and 21.  The Court finds the answers to Supplemental Interrogatory 24, the father's Interrogatory 7, the son's Interrogatories 4 and 5, and Alondra Interrogatory 21 sufficient without further comment.  The other answers warrant only brief additional discussion.

### A.  Supplemental Interrogatory 22

Supplemental Interrogatory 22 asks:  "With respect to the alleged surveillance by Huggins, please set forth the dates which surveillance was conducted, the time surveillance commenced and the time surveillance ended as well as all information obtained during the alleged surveillance."[46] The Government answered the interrogatory without objection and stated it had conducted outside surveillance on the morning of April 2, 2009, by noting arrival and entry times of employees and photographing them as they arrived.[47]

Defendants contend that the answer is insufficient because the Government has not provided

---

[46]*See* ECF No. 90-6 at 4-5.

[47]*Id.* at 5.

pictures that were taken or explained how a morning surveillance substantiates departure times for employees.[48]  The interrogatory, however, does not of itself require production of photographs or the desired explanation.  The answer appears sufficient – unless Huggins conducted non-disclosed surveillance.  The answer leaves open that possibility by (1) identifying "outside surveillance" when the interrogatory is not so limited and (2) stating that its surveillance evidence substantiates departure times for employees.  The interrogatory does not require an explanation as to how morning surveillance substantiates departure times, but it does require an answer that identifies all surveillance conducted by Huggins.  Given the ambiguity of the answer, the Court will compel the Government to supplement its answer either to state that it has identified all surveillance conducted by Huggins or to disclose any additional surveillance he performed.  The Government shall also state when the surveillance ended.  Because the Government has agreed to try to produce the pictures,[49] it shall supplement its answer to show that it has produced all responsive photographs in its custody, possession, or control.

### B.  Father's Interrogatory 6

The father's Interrogatory 6 asks the Government to state the factual basis for its allegation "that employees work under various pseudonyms" and to identify the employees and the pseudonyms alleged to have been used.[50]  In its answer, the Government states that employees informed it that they were assigned various names and that one employee produced "various checks made out to him

---

[48]*See* Mem. Supp. at 6.

[49]Pl.'s Opp'n at 3.

[50]ECF No. 90-8 at 8.

using varying names."[51]  It also states that the case file identifies each pseudonym.[52]  It contends that

it withheld the identities of the employees under the informer's privilege and referred the defendant

to documents produced pursuant to Fed. R. Civ. P. 33(d).[53]  Defendants argue, however, that the

Government has not identified any particular document from which the answer can be ascertained.[54]

Rule 33(d) requires the responding party to specify the pertinent records.  The Government has not

complied with that requirement.  It shall supplement its answer to comply with Rule 33(d) by

specifying the responsive documents.

### C. Father's Interrogatory 9

The father's Interrogatory 9 asks the Government to provide mathematical computations "for

each position as set forth in Document 8."[55]  Pursuant to Rule 33(d), the Government opted to

produce business records as its answer to this interrogatory.[56]  Defendants object, however, that the

produced documents do not contain the requested computations.[57]  But Rule 33(d) does not require

the documents to contain computations.  It instead requires that the answer to the "interrogatory may

be determined by examining, auditing, compiling, abstracting, or summarizing" the produced

records.  Because Defendants have not shown that the produced documents fail to satisfy this

---

[51]*Id.*

[52]*Id.*

[53]*See* Pl.'s Opp'n at 6.

[54]Reply at 6.

[55]ECF No. 90-8 at 10.

[56]*Id.*

[57]Mem. Supp. at 14.

requirement, the Court overrules the objection to the use of Rule 33(d). It finds the answer sufficient.

### D. Alondra's Interrogatory 8

Alondra's Interrogatory 8 asks for information regarding employees that the Government claims were not properly compensated.[58] The Government opted to produce its business records.[59] Defendants contend, nevertheless, that the Government refuses "to provide the information requested."[60] Defendants do not claim an inability to determine the answer from the produced documents. Nor do they show that the documents fail to answer the interrogatory. The Court finds the answer sufficient.[61]

### E. Alondra's Interrogatory 4

Alondra's Interrogatory 4 asks the Government to specify all facts that support its allegation that Defendants have violated the overtime provision of the FLSA.[62] The Government's answer includes a statement that defense counsel "stated that his client did not believe that he needed to pay overtime for hours over 40 to any salaried employee."[63] Defendants thereafter requested production of anything that memorialized the alleged statement of counsel, but the Government has not

---

[58]ECF No. 90-7 at 7.

[59]*Id.* at 8.

[60]Mem. Supp. at 18.

[61]Defendants also appear to object to the use of Rule 33(d) with respect to Alondra's Interrogatories 15, 16, 17, and 18, which likewise ask for information regarding employees that the Government claims were not properly compensated. *See* ECF No. 90-7 at 13-15. Although the Court overrules the objection to the Government's answer, it declines to consider the sufficiency of the answer until after considering the asserted informer's privilege.

[62]ECF No. 90-7 at 5.

[63]*Id.*

12

identified anything.[64]  The alleged failure of the Government to identify anything that memorialized

the alleged statement does not affect the sufficiency of its answer to this interrogatory.  The interrog-

atory does not ask for that information.  The Court finds the answer sufficient.[65]

## VI.    INFORMER'S PRIVILEGE

The parties have divergent views as to whether the informer's privilege applies in this case.[66]

The Court has considered their arguments in connection with a prior motion to compel.[67]  Because

the arguments and circumstances have not changed since the prior ruling, the Court again determines

that the Government has properly and adequately asserted the informer's privilege.[68]  Defendants

have not made a sufficient showing to overcome the privilege at this stage of the litigation.   The

Court thus sustains the objections of informer's privilege asserted against La Familia's Supplemental

Interrogatories 20, 21, and 23; Alondra's Interrogatories 2, 7, 12 through 19, and 22; Interrogatories

2, 3, and 4 from the father; Interrogatories 2 and 3 from the son; Second RFP 16; and Alondra's RFP

2, 4, 6, 7, 9, and 11 through 21.  It declines to compel production of privileged information subject

to a protective order for the same reasons that it denied a similar request in its prior memorandum

---

[64]Mem. Supp. at 17.

[65]The Government, furthermore, states that any existing record of the statement by counsel would be included in its investigation file that has already been produced.  *See* Pl.'s Opp'n at 8.

[66]*Compare* Mem. Supp. *with* Pl.'s Opp'n.

[67]*See* Mem. & Order (ECF No. 100) at 9-13.

[68]When a privilege belongs to the Government, "[t]here must be formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer."  *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (footnotes and citations omitted).  The Government formally invoked the privilege after personal consideration of discovery propounded on September 30, 2011.  *See* ECF No. 96-1 (Decl. Supp. Formal Claim of Privilege).  No one contends that the Government has failed to properly invoke the informer's privilege.

and order.[69]   Given the applicability of the informer's privilege, the Government has adequately

answered the interrogatories and responded to Alondra's RFP 2, 4, 6, 7, 9, and 11 through 21.   The

Court will require no further answer or response to these discovery requests.   The Court overrules

the motion as it relates to them.

## VII.   RELEVANCY

The Government also objects to Second Request 16 on grounds of relevancy.[70]   That request

seeks "Copies of any and all records of all investigations conducted by Huggins."[71]   Subject to its

objections, it produced non-privileged notes taken during the investigation that led to this action.[72]

Defendants contend that they are "entitled to discover the methodology and tactics used by Huggins

in other cases."[73]

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the general scope of discov-

ery.[74]   Since amendments in 2000, the rule provides "a two-tiered discovery process; the first tier

being attorney-managed discovery of information relevant to any claim or defense of a party, and the

second being court-managed discovery that can include information relevant to the subject matter

---

[69]*See* Mem. & Order (ECF No. 100) at 16.

[70]*See* ECF No. 90-6 at 28-29.

[71]*Id.* at 27.

[72]*Id.* at 29.

[73]Mem. Supp. at 12; *accord* Reply at 5.

[74]Rule 26(b)(1) provides:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

of the action."[75]  Under this two-tiered process, objections on grounds of relevancy require the courts to first "determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[76]

At the discovery stage of litigation, relevancy is broadly construed and courts should consider requests for discovery relevant "if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"[77] or "to the subject matter of the action."[78]  When the relevancy of requested discovery is not apparent, the party seeking the discovery has the burden to show its relevance.[79]  On the other hand, when requested discovery appears relevant, the party objecting to the discovery has the burden to show that the discovery does not fall within the broad scope of relevance set out in Rule 26(b)(1) or "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[80]

As previously noted, the investigation files for the claims and defenses in this action are protected by the informer's privilege.  Files about other investigations do not appear relevant to this action.  Defendants have not carried their burden to show that other files are relevant to the claims and defenses in this action or even to the subject matter.  The Court will compel no further response

---

[75]*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).

[76]*Id.* (quoting Fed. R. Civ. P. 26(b)(1) (2000 amend.)).

[77]*Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

[78]*Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999) (quoting *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)).  Despite the changes to Rule 26(b)(1) in 2000, the standard enunciated in "*Etienne* remains good law."  *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001).

[79]*Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[80]*Id.* (citation omitted).

15

to Second Request 16 given the present applicability of the informer's privilege.

## VIII.   ALONDRA'S RFP 8

Defendants list Alondra's RFP 8, which seeks "All exhibits to be used at trial of this matter," as at issue in this motion to compel.[81]   To justify the production, however, they merely argue that their offer of a protective order adequately addresses any concern about the informer's privilege.[82] Other than that brief listing of the request in the supporting memorandum, neither the Defendants nor the Government directly address this request for production.   The Government responds in general to Alondra's various requests for production by simply stating it has produced copies of employee statements redacted only to conceal the employees' identities.[83]   In response to the request, moreover, the Government agreed to provide copies of its trial exhibits as will be required by the Court's pretrial order in this case.[84]   The Court's Final Pretrial Order in this case will address exhibit disclosures and should be entered within the next couple of weeks.[85]   The Government's response to Alondra's RFP 8 appears sufficient, given the applicability of the informer's privilege and the Court's rejection of the proposed production of privileged information under a protective order.

## IX.   CONCLUSION

For the reasons stated, the Court grants in part and denies in part the Motion to Compel (ECF No. 89) filed by defendants La Familia Corporation; Alondra, Inc.; Vicente de la Paz, Sr.; and

---

[81]*See* Mem. Supp. at 21.

[82]*See id.* at 22.

[83]Pl.'s Opp'n at 9.

[84]*See* ECF No. 90-7 at 29.   The Government also asserted an objection of work product, *see id.*, which no party addresses in the briefing.

[85]The Court conducted the Final Pretrial Conference on May 22, 2012.

Vicente de la Paz, Jr.  Within twenty-one days of the date of this Memorandum and Order, the Government shall as set forth herein (1) serve amended answers to La Familia's RFA 9 through 38 and 41 through 46 and Alondra's RFA 9 through 16; (2) supplement its answer to Supplemental Interrogatory 22; (3) supplement its answer to the Father's Interrogatory 6; and if necessary, (4) supplement its original production in accordance with footnote thirteen.  The motion is otherwise denied.  Each party shall be responsible for its own expenses incurred on the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 25th day of May, 2012.**


**<u>S/Gerald L. Rushfelt</u>**
**Gerald L. Rushfelt**
**U.S. Magistrate Judge**

17