IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILDA L. SOLIS,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

                Plaintiff,

  vs.                             Case No.: 10-CV-2400-EFM-GLR

LA FAMILIA CORPORATION,
ALONDRA, INC.,
VICENTE de la PAZ, SR.,
VICENTE de la PAZ, JR., and
ARTURO de la PAZ,

                Defendants.

## PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Recently, two formerly-reluctant employee witnesses have agreed to testify on behalf of the Plaintiff about the hours that they worked and the amount they were paid by Defendants. Additional witnesses have spoken with Plaintiff's counsel and may be willing to testify as well. Plaintiff now seeks leave to depose employee witnesses and submit their testimony in opposition to Defendants' Motion for Summary Judgment.

Defendants' summary judgment motion alleges that Plaintiff cannot establish the hours worked by employees or the compensation that they received based solely on the testimony of Wage and Hour investigators. Because Defendants had threatened employee witnesses with

2laq1003acl

termination and blackballing, Plaintiff was unable, until recently, to find any employee witnesses who were willing to testify. In the interest of justice, the newly available evidence should be developed and presented to the Court.

    This motion is filed under Federal Rule of Civil Procedure 56(d), which grants district courts discretion to reopen discovery to allow a party opposing summary judgment to obtain needed evidence. Motions under Rule 56(d) should be liberally construed unless dilatory or meritless.[1] A rule 56(d) motion must be supported by an affidavit demonstrating why the evidence was previously unavailable, "the probable facts" to be found in discovery, "what steps have been taken to obtain these facts," and "how additional time will enable [the party] to rebut the movant's allegations of no genuine issue of fact."[2] The Affidavit of Andrea Christensen Luby, attorney for Plaintiff, meets each of these requirements.

    As set forth in the Affidavit attached as Exhibit A, during the investigation, employees told Wage and Hour Investigators that they had been threatened and asked the agency to protect their identities. Statements in which employees described being threatened are attached as Exhibit B. The threats included the following:

---

[1] Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993) (interpreting the same rule, which was formerly codified as Rule 56(f))

[2] Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992), (quoting Meyer v. Dans un Jardin, S.A., 816 F.2d 533, 537 (10th Cir. 1987))

- "Arturo and Vini have told us that if we tell the truth, then they are going to fire us and that we will not be able to get another job around these areas. . . .  I do not want you to use my name because they will fire me."[3]
- "The day that you all came Arturo told me I had to lie or he was going to fire me."[4]
- "I do not want you to use my name because they could do something to me."[5]
- "I am afraid that they will fire me, so I do not want to talk right now. I will call you when I have a chance."[6]
- "I do not want you to use my name."[7]

Wage and Hour Investigator Adam Huggins kept in touch with some employees during the litigation, but was unable to find a witness willing to come forward. Plaintiff's counsel attempted to contact employee witnesses, only to find that their phone numbers in the investigation file had been disconnected. Recently, Plaintiff's counsel managed to reach one employee by e-mail. The employee lives in Mexico. Working with a Spanish speaker, Plaintiff's counsel interviewed this employee in Spanish, who provided the telephone numbers for another witness. Currently two employees have been interviewed by Plaintiff's counsel in Spanish and stated that they would be willing to testify. Using this method, Plaintiff's counsel may be able to find additional witnesses who are now willing to come forward.

---

[3] Witness Statements, Exhibit B, at page 47
[4] Id. at page 37
[5] Id. at page 39
[6] Id. at 54
[7] Id. at 74

The employee witnesses who have already been interviewed reside outside the subpoena authority of this Court, but would be able to be deposed by videoconference. These depositions could then be designated and used in opposition to summary judgment and as trial testimony. The witnesses would probably testify that they worked at Chapala Mexican Restaurant as servers for approximately 60 hours per week and that they received checks from Chapala of less than $2.00 every two weeks. They will also probably testify that they were required to pay at least $100.00 per week from their tips to pay the chip runners. This testimony would support a genuine issue of material fact to refute Defendants' evidence that employees worked only 40 hours per week. The employee witnesses will also probably testify that Arturo de la Paz, Vicente de la Paz, Sr., and Vicente de la Paz, Jr. performed managerial functions including hiring and paying employees, which is another issue in dispute on summary judgment.

In addition, Defendants asserted on summary judgment that their pay practices were in compliance with the Fair Labor Standards Act after the Department of Labor's investigation ended. To rebut this claim and create a genuine issue of material fact, Plaintiff needs to examine Defendants' payroll records from 2009 forward. Plaintiff had served discovery requests seeking payroll records. Although Defendants' counsel had a duty to supplement its discovery responses by providing current payroll documents, he failed to do so. In addition to demonstrating possible violations of the Act since 2010, the payroll records would

contain employee names that may allow Plaintiff to find additional employee witnesses to testify to FLSA violations since 2010. Defendants' counsel has refused to provide this information, <u>see</u> Exhibit C, which is needed to rebut their summary judgment motion.

    Plaintiff's counsel left a voicemail message about this Motion for Defendants' counsel on December 10, 2012, but the call has not been returned. Plaintiff accordingly is unaware of Defendants' position on this Motion.

    The trial, which was initially set for January 14, 2013, has been indefinitely postponed pending this Court's ruling on Defendants' motion for summary judgment. The necessary discovery could be completed by January 31, 2013, which would not delay the trial of this matter.

    WHEREFORE, Plaintiff respectfully requests that this Court reopen discovery under Federal Rule of Civil Procedure 56(d) so that employee witnesses may be deposed and payroll records examined, and that the Court defer ruling on the pending summary judgment motion until February 15, 2013.

    Respectfully submitted,

    M. Patricia Smith
    Solicitor of Labor
    Connecticut Bar #371708

    H. Alice Jacks
    Associate Regional Solicitor
    MO Bar #24482

    <u>/s/Andrea Christensen Luby</u>

>KS Bar #19030
>Attorney
>
>2300 Main, Suite 1020
>Two Pershing Square Building
>Kansas City, MO  64108
>(816) 285-7260
>(816) 285-7287 (fax)
>Luby.andrea@dol.gov
>
>United States Department of Labor
>Attorneys for Complainant

### CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>David Alegria
>McCullough, Wareheim & Labunker, P.A.
>1507 SW Topeka Boulevard
>P.O. Box 1453
>Topeka, KS  66603
>davidalegria@mcwala.com

Attorney for Defendant

>/s/Andrea Christensen Luby

6