IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILDA L. SOLIS,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

        Plaintiff,

vs.                   Case No.: 10-CV-2400-EFM-GLR

LA FAMILIA CORPORATION,
ALONDRA, INC.,
VICENTE de la PAZ, SR.,
VICENTE de la PAZ, JR., and
ARTURO de la PAZ,

        Defendants.

### Affidavit of Andrea Christensen Luby

Andrea Christensen Luby, of lawful age, swears this affidavit under penalty of perjury.

1. I am an attorney with the United States Department of Labor, Office of the Solicitor, where I have worked for the past 12 years.

2. Until recently, I was unable to obtain any testimony from employees in this matter. The telephone numbers in Wage and Hour's investigation file had either been disconnected or reassigned to people not associated with the investigation. Although Wage and Hour investigator Adam Huggins told me that he kept in touch with some employee witnesses by e-mail, none was willing to come forward to testify. Interview statements taken during the investigation indicated that employees had been threatened. A sample of those statements is attached as Exhibit B to Plaintiff's 56(d) Motion.

21aq1002acl                                                      Exhibit A

3. On November 19, 2012, I sent an e-mail in Spanish to one of the employees who had worked at Chapala Mexican Restaurant. Working with a Spanish-speaker, I interviewed this employee from Mexico by telephone and obtained additional working telephone numbers for other employees. In this manner, I found two witnesses who were willing to testify by videoconference. They live outside the subpoena power of the Court. Using this method, I may be able to find additional employee witnesses willing to testify.

4. The witnesses I interviewed worked as servers, and stated that they worked approximately 60 hours per week and received checks from Chapala of less than $2.00 every two weeks. They told me that cooks, bus boys, and chip runners worked similar hours. They also stated that they were required to pay at least $100.00 per week from their tips to the chip runners. They stated that Arturo de la Paz, Vicente de la Paz, Jr., and Vicente de la Paz, Sr. performed managerial functions such as hiring and paying employees. This testimony will allow Plaintiff to further rebut Defendants allegations of no genuine issue of fact as to the hours employees worked, the amount that they were paid, and the managerial functions exercised by Defendants Arturo de la Paz, Vicente de la Paz, Jr., and Vicente de la Paz, Sr.

5. Because some employees have complained of being threatened for cooperating with Wage and Hour, I have not included the names of the employees who are willing to testify. If discovery is granted, the employees will be named in the Notice of Deposition and their contact information will be provided to Defendants' counsel after the depositions.

2

6. In addition, Defendants have refused to provide payroll information since 2009, all the while contending that they complied with the Fair Labor Standards Act during that period. Allowing Plaintiff to examine those payroll records could reveal additional employee witnesses and perhaps on the records violations of the statute.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2012.

Andrea Christensen Luby
Office of the Solicitor