IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILDA L. SOLIS,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

      Plaintiff

vs.                            Case No.: 10-CV-2400-EFM-GLR

LA FAMILIA CORPORATION, ALONDRA,
INC., and VICENTE de la PAZ, SR.,
VICENTE de la PAZ, JR.,
and ARTURO de la PAZ,

      Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REOPEN
DISCOVERY AND DEFER CONSIDERATION OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

COME NOW Defendants, La Familia Corporation, Alondra Inc., Vicente

de la Paz, Sr., Vicente de la Paz, Jr. and Arturo de la Paz, Defendants, by

and through David Alegria of McCullough, Wareheim & LaBunker and for

their response to Plaintiff's Motion to Reopen Discovery and Defer

Consideration of Defendants' Motion for Summary Judgment show to the

court the following:

**PLAINTIFF'S MOTION IS OUT OF TIME**

Defendants submit that the time for plaintiff to file a Rule 56(d) has

passed.  Rule 56(d) of the Federal Rules of Civil Procedure provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Under the plain meaning of the rule, the motion is appropriately filed before responding to a motion for summary judgment.  The premise of the rule is that the non-moving party is unable to present essential facts to oppose the motion for summary judgment.

In this case, defendants filed their motion for summary judgment and plaintiff promptly responded to it.  The motion was fully briefed and there was no indication that plaintiff was lacking evidence or unable to obtain necessary or essential evidence to respond to defendants' motion.

The general principle of Rule 56 affords relief to the nonmoving party when the nonmoving party has not had the opportunity to discover information that is essential to oppose the motion for summary judgment." *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).  Since plaintiff has already responded to defendants' motion and there was never any indication that plaintiff could not properly respond to defendants' motion, the current motion filed after the briefing was completed is out of time.

Moreover, nothing new has been discovered.  The alleged information

has been available to plaintiff at all times and it comes from it's own witnesses.  As such, the information is in plaintiff's possession and has been in plaintiff's possession at all times.

For this reason, defendants' respectfully request that plaintiff's motion be denied as untimely.

## **NO NEW EVIDENCE**

Substantively, plaintiff's motion to reopen discovery and to defer consideration of defendants' motion for summary judgment is a disguised attempt at a complete second bite of the proverbial apple.  Using Rule 56(d) as a subterfuge to start the case back up from square one, plaintiff merely alleges that two of it's own witnesses that had refused to assist or participate in the case, now have agreed to do so.  Further, that others may also be willing to do so.  This is not the purpose of Fed. R. Civ. P. Rule 56(d).

Fed. R. Civ. P. Rule 56(d) is not designed to allow individuals that have a change of heart to rewind a case back to the beginning.  The rule is also not designed to allow plaintiff to adopt a completely new litigation strategy to try to salvage a case after it looks that the case may have gone south.

The general principle of Rule 56 affords relief to the nonmoving party when the nonmoving party has not had the opportunity to discover information that is essential to oppose the motion for summary judgment." *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).  "Rule 56[d] does

not require, however, that summary judgment not be entered until discovery is complete." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.* , 2007 WL 2461629, at *3. To invoke the shelter that rule 56(d) provides, a party must (I) file an affidavit, see *Pasternak v. Lear Petroleum Exploration Inc.* , 790 F.2d at 832-33; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts, see *Comm. for the First Amendment v. Campbell,* 962 F.2d at 1522; (iii) explain why facts precluding summary judgment cannot be presented, see *Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522; and (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment, see *Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522.

In this case, plaintiff had all of the pre-filing time to gather evidence and almost two years from the filing of the case on July 19, 2010 and the close of discovery on May 18, 2012.

This case was filed on July 19, 2010.  At the time of the filing, plaintiff was fully aware that it did not have a single witness that would testify that defendants had violated the FLSA.  Plaintiff elected to file and prosecute the case with full knowledge of the lack of evidence.  This does not mean that the allegations were not available or that they were not known or discovered by plaintiff.

4

Local Rule D. Kan 26.1 provides that discovery should be completed within 4 months after the case becomes at issue or within 4 months after the discovery order.  For good cause, the Court can establish a shorter or longer period of time.

In this case, the Court extended the discovery to almost 7.5 months. In addition, the Court granted 3 additional extensions of time totaling another 5.5 months for a total of 13 months of discovery.

The deadline for disclosures in the case was May 5, 2011 and discovery was to be completed by November 30, 2011.  On October 31, 2011, discovery was extended to December 20, 2011.

On December 15, 2011, discovery was again extended until March 19, 2012.  Finally, on March 6, 2012, the discovery deadline was extended for the third time to May 18, 2012.

After the extensions of the discovery deadline totaling almost 13 months, discovery closed on May 18, 2012.

Plaintiff was required to gather the necessary evidence before filing the case.  Once it filed the case on July 19, 2010, it had almost two years until May 18, 2012 to gather any necessary evidence.

In addition to an extensive period of discovery, the case was pretried and dispositive motions have been fully briefed.

Never, during the litigation of the case did plaintiff allege the existence

of facts not available to plaintiff, the relevancy of unavailable facts or that plaintiff was in the process of obtaining those facts.

During the briefing of the summary judgment motion, plaintiff never indicated that it did not have available evidence needed to oppose defendants' motion for summary judgment.

Just because ex-employees of defendants may find themselves now in a situation where they may be willing to do or say something under the glaze of a big payday does not justify starting the case all over to accommodate their change of heart or potential financial needs.

To obtain relief, plaintiff is required to identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts and to explain why facts precluding summary judgment cannot be presented. *Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522.

The facts make clear that no new facts have been discovered and there is nothing new to discover.  There is nothing to obtain.  There is nothing that was not available to plaintiff since the filing of the case.  In fact, plaintiff is taking about it's own witnesses and people that have always been available to plaintiff and in contact with plaintiff.

Plaintiff attempts to justify it's underhanded approach to starting the case over by repeating over and over allegations that defendants threatened employees.  Plaintiff cites five examples.  While it is not known if all

6

examples come from one or more employees, in one example, the employee allegedly stated: "I do not want you to use my name."

Defendants believe that accusing defendants of having made a threat against an employee because the employee stated:  "I do not want you to use my name." constitutes a clear misrepresentation.

Another example used is an alleged statement of: "I do not want you to use my name because they could do something to me."  Again, defendants are taken aback as to how plaintiff can have the temerity to accuse defendants of making a threat based on such statement and to represent it to the Court as a threat by defendants that thwarted discovery.

Yet a third alleged example is: "I am afraid that they will fire me, so I do not want to talk right now.  I will call you when I have a chance."  In previous pleadings, plaintiff has described the alleged statements as threats of physical violence.

While a fourth example alleged that Arturo told an employee to lie or he would fire him, there has never been any evidence that Arturo was employed by defendants or that he had any firing authority.  The same is true as to the fifth example recited.

More important, there is also a complete lack of connection between the examples cited and the people now allegedly willing to testify.  As such, there is absolutely no connection between the discovery process and the

alleged threats.

Defendants have been put through a tremendous financial strain by cost prohibitive litigation that may exceed the value of the claim.  At the end of the day, plaintiff elected to proceed with a case that lacked merit and for which there was no supporting evidence.

Plaintiff did not take a single deposition during the discovery process and never indicated that it had witnesses that it could not obtain.  Having elected not to take a single deposition during 13 months of discovery and close to two years of pendency of the case, plaintiff should not be allowed to start over with a new strategy.

Discovery would also be futile since plaintiff did not designate any employees as witnesses.  The pretrial order clearly provides that witnesses not disclosed would not be allowed to testify.  To this day, plaintiff has not identified a single individual witness.  Plaintiff has even failed to identify the alleged cooperating individuals.  As such, under the pretrial order, even allowing discovery would not allow plaintiff to present witnesses not disclosed.

Finally, the financial burden of starting this case over would destroy defendants financially.  Alondra, Inc., went out of business before this case was filed.  The other defendants are staring into the abyss of financial ruin. Starting discovery in this case again while defendants tether on the cliff of

bankruptcy would catapult defendants into certain financial disaster.

## **CONCLUSION**

Plaintiff has failed to specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained.   *Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012).  Rather, the allegation is that individuals previously unwilling or uninterested in this case, had a change of heart.

The law requires that a party seeking to proceed under Rule 56 (d) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts.  *Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522 ,

During a period of discovery that was more than 3 times the normal schedule, plaintiff did not take a singe deposition.  Plaintiff should not now be allowed to rewind the case back to square one and start with a new strategy.

In this case, even if plaintiff's allegations are taken as true, the alleged facts were and have always been available.  The alleged facts come from plaintiff's own witnesses and therefore, relief under Rule 56(d) is not applicable.

For all of these reasons, defendants respectfully request that plaintiff's motion be denied as untimely and because it fails to meet the requirements

of Rule 56 (d).

Respectfully submitted,

MCCULLOUGH, WAREHEIM & LABUNKER, P.A.

By:   s/David O. Alegria
      DAVID O. ALEGRIA, S. Ct. #13111
      1507 SW Topeka Blvd.
      P.O. Box 1453
      Topeka, Kansas   66603
      (785) 233-2323
      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2013,  I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrea Christensen Luby
luby.andrea@dol.gov

Kim Prichard Flores
flores.kim@dol.gov

s/David O. Alegria
DAVID O. ALEGRIA