IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILDA L. SOLIS,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF
LABOR

   *Plaintiff,*

vs.

LA FAMILIA CORPORATION,
ALONDRA, INC., and VICENTE de la PAZ,
SR., VICENTE de la PAZ, JR., AND
ARTURO de la PAZ,

   *Defendants.*

Case No. 10-CV-2400-EFM-GLR

**MEMORANDUM AND ORDER**

  Before the Court is Plaintiff's Motion to Reopen Discovery and Defer Consideration of Defendants' Motion for Summary Judgment (Doc. 139). Plaintiff seeks to reopen discovery to depose two employee witnesses and submit their testimony in opposition to Defendants' Motion for Summary Judgment (Doc. 124). It also asks the Court to defer ruling on Defendants' Motion for Summary Judgment until February 15, 2013. For the following reasons, the Court denies Plaintiff's motion.

  Federal Rule of Civil Procedure 56(d) ("Rule 56(d)") provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[1]  The Tenth Circuit has held that the general principle of Rule 56(d) is that " 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.' "[2]  Based on this principle and the plain language of the rule, Rule 56(d) only applies before the non-movant has filed its response to a motion for summary judgment.

In this case, discovery closed on May 18, 2012, after three extensions totaling thirteen months.  Defendants filed their Motion for Summary Judgment on July 18, 2012.  Plaintiff fully responded to that motion on August 8, 2012 (Doc. 128).  Not once before filing its response did Plaintiff indicate that it did not have sufficient evidence to respond to Defendants' motion.  Therefore, because Plaintiff has already fully responded to Defendants' Motion for Summary Judgment and because Plaintiff did not indicate before filing its response that it did not have sufficient evidence to oppose the motion, Plaintiff's Rule 56(d) motion is untimely.

Plaintiff has also failed to show that the facts it seeks to discover were previously not available.  A Rule 56(d) motion must be accompanied by a supporting affidavit that identifies the probable facts not available, their relevance, and the steps taken to obtain those facts.[3]  The affidavit must also explain why facts precluding summary judgment cannot be presented.[4]  Here, Plaintiff seeks to take the deposition of two employee witnesses who were previously unwilling

---

[1] Fed. R. Civ. P. 56(d).

[2] *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (interpreting the same rule formerly codified as Rule 56(f)).

[3] *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)

[4] *Id.*

testify. According to Plaintiff's affidavit, these witnesses will testify about the hours they worked and the wages they were paid by Defendants. Plaintiff, however, already has this information, and in fact, presented it in its response to Defendants' Motion for Summary Judgment. Therefore, Plaintiff is not seeking facts that were not previously available, and Plaintiff's motion is accordingly denied.

**IT IS ACCORDINGLY ORDERED** this 23rd day of January, 2013, that Plaintiff's Motion to Reopen Discovery and Defer Consideration of Defendants' Motion for Summary Judgment (Doc. 139) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE