# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HILDA L. SOLIS,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF
LABOR

*Plaintiff,*

vs.

Case No. 10-CV-2400-EFM-GLR

LA FAMILIA CORPORATION,
ALONDRA, INC., and VICENTE de la PAZ,
SR., VICENTE de la PAZ, JR., AND
ARTURO de la PAZ,

*Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Reconsider Summary Judgment Ruling (Doc. 154). Plaintiff requests that the Court reconsider its ruling on the issue of whether the employee statements referenced in Wage and Hour Investigator Adam Huggins's Affidavit (paragraphs 11, 12, 15, 16, 19, 20, 21, and 22) are inadmissible hearsay outside the scope of Federal Rule of Evidence Rule 801(d)(2)(D).[1] For the following reasons, the Court denies Plaintiff's motion.

---

[1] Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship while it existed."

## I.  Legal Standard

Local Rule 7.3(b) governs motions to reconsider a non-dispositive order.[2] Under this Rule, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability for new evidence; or (3) the need to correct clear error or prevent manifest injustice."[3] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[4] The decision regarding whether to grant or to deny a motion to reconsider is left with the sound discretion of the district court.[5]

## II.  Analysis

The Court previously found that the employee statements referenced in Huggins's Affidavit (those in paragraphs 11, 12, 15, 16, 19, 20, 21, and 22) were inadmissible based on the Tenth Circuit Court of Appeal's holdings in *Johnson v. Weld County*[6] and *Jamarillo v. Colorado Judicial Department.*[7] The Court cited *Johnson* for the proposition that "an employee's statements are not attributable to his employer as a party-opponent admission in an employment dispute unless the employee was involved in the decisionmaking [sic] process affecting the employment action at issue."[8] The Court found that because Defendants' employees were not involved in the decision-making process regarding how long they were scheduled to work and

---

[2] D. Kan. Rule 7.3(b).

[3] *Id.*

[4] *Cont'l Cas. Co. v. Multiservice Corp.*, 2009 WL 2409584, at *1 (D. Kan. Aug. 5, 2009).

[5] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. Mar. 3, 2000) (citations omitted).

[6] 594 F.3d 1202 (10th Cir. 2010).

[7] 427 F.3d 1303 (10th Cir. 2005)

[8] 594 F.3d at 1209 (citations omitted).

how much they would be paid, their statements referenced and set forth in Huggins's Affidavit were inadmissible under Rule 801(d)(2)(D).

Plaintiff now contends that the Court's ruling was clear error because this case is not an "employment dispute" as that term is used by the Tenth Circuit. According to Plaintiff, the Tenth Circuit's restriction of Rule 801(d)(2)(D) to statements by decision-making employees only applies in the context of employment discrimination cases. The Court disagrees. The Tenth Circuit has not expressly stated that the term "employment dispute" is limited to the employment discrimination claims. Nor has it stated that it is following the Seventh Circuit Court of Appeal's decision in *Aliotta v. National Railroad Passenger Corp.*[9] in limiting the decision-maker requirement of Rule 801(d)(2)(D) to employment discrimination claims. In any event, *Aliotta* is distinguishable from this case because it involved a wrongful death claim. The court specifically looked to how "scope of employment" is defined in tort claims in finding a witness's deposition testimony admissible under Rule 801(d)(2)(D).[10] Plaintiff has filed this suit under the Fair Labor Standards Act and is not asserting a tort claim. Therefore, *Aliotta* is inapplicable to this case.

Plaintiff also argues that even if the Court construes the term "employment dispute" broadly, the statements should still be admissible because this is not a private employment dispute. Again, the Court disagrees. Plaintiff offers no authority for its argument that because this suit is brought by the Department of Labor pursuant to §§ 16(c) and 17 of the FLSA that the Court should admit inadmissible hearsay.

Plaintiff's remaining arguments reiterate those found in Plaintiff's Opposition to Defendants' Motion to Strike (Doc. 136). The Court has already heard these arguments and

---

[9] 315 F.3d 756 (7th Cir. 2003).

[10] *Id.*

found them unpersuasive. A motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[11] The employee statements referenced in Huggins's Affidavit do not concern matters within the scope of the employees' jobs as waiters, cooks, and dishwashers. Monitoring their own hours or rates of pay or supervising other employees' hours and rate of pay were not duties within the scope of their employment relationship. Therefore the statements are not within the scope of Defendants' employees' employment and are inadmissible under Rule 801(d)(2)(D). Plaintiff's motion is denied.

**IT IS ACCORDINGLY ORDERED** this 3rd day of April, 2013, that Plaintiff's Motion to Reconsider Summary Judgment Ruling (Doc. 154) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (citation omitted).